# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-998V
**Filed: December 29, 2014**

| | |
|---|---|
| * * * * * * * * * * * * * * * * | UNPUBLISHED |
| MICHAEL ANDERSON, * | |
| * | Special Master Gowen |
| Petitioner, * | |
| * | Unopposed Motion for Attorneys' |
| v. * | Fees and Costs |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |
| * * * * * * * * * * * * * * * * | |

<u>Ronald C. Homer</u>, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
<u>Ryan D. Pyles</u>, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 17, 2013, Michael Anderson ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]   42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that as a result of receiving an influenza ("flu") vaccine on December 8, 2011, he suffered peripheral neuropathy. See Stipulation at ¶¶ 2, 4 filed Aug. 7, 2014. On August 7, 2014, the parties filed a stipulation in which they agreed to an award of compensation to petitioner. On that same day, the undersigned issued a Decision adopting the parties' stipulation

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

for an award.  <u>See</u> Decision on J. Stip., filed Aug. 7, 2014.

On December 9, 2014, petitioner filed a motion for attorneys' fees and costs. Petitioner seeks an award of attorneys' fees in the amount of $9,306.10, and an award of attorneys' costs in the amount of $352.56. In accordance with General Order #9, petitioner's counsel represents that petitioner personally incurred costs related to this proceeding in the amount of $350.00. <u>See</u> Petitioner and Counsel Statement, filed Dec. 9, 2014. In total, petitioner requests a total award of attorneys' fees and costs in the amount of $10,008.66. On December 29, 2014, respondent filed a response to petitioner's motion stating she has no objection to petitioner's request. <u>See</u> Response to Petitioner's Application for Attorneys' Fees and Costs, filed Dec. 29, 2014.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's motion, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

(1) in the form of a check jointly payable to petitioner and to petitioner's attorney, Ronald C. Homer, of Conway, Homer & Chin-Caplan, P.C., in the amount of $9,658.66; and

(2) in the form of a check payable to petitioner only in the amount of $350.00.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the cour**t SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>s/ Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

2